**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4208**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ELISEO GANDARILLA MENDIOLA, a/k/a Chao,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever, III, Chief District Judge.   (5:15-cr-00161-D-1)

_____

Submitted:  March 14, 2017          Decided:  March 16, 2017

_____

Before FLOYD and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Cindy H. Popkin-Bradley, CINDY H. POPKIN-BRADLEY, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eliseo Gandarilla Mendiola pled guilty without a plea agreement to distributing and possessing with intent to distribute cocaine. He was sentenced to 151 months in prison. On appeal, Mendiola argues that the district court's consideration of information from confidential informants at sentencing violated Mendiola's rights to due process. We affirm.

Trial counsel did not seek to ascertain the identities of the confidential informants, nor did she request any background information regarding the informants. Counsel did not contest the reliability of the informants' statements; she did not contend that she was unable to prepare for the hearing; and she provided no reason to believe that she even subjectively believed that she had not been given sufficient information. Accordingly, our review is for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Under the plain error standard, Mendiola must show that: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity

2

or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

We find that Mendiola has failed to show plain error. The record demonstrates that trial counsel had significant information on the confidential informants that she utilized in cross-examination, and she did not suggest otherwise. Further, the record provides no reason to conclude either that a request for further information would have been granted or that, had such a request been granted, the information would have altered Mendiola's sentence.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3